FILED

03/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0141

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 20-0141

JEREMY BUETTNER,

Petitioner,

v.

WARDEN LYNN GUYER,

Respondent.

FILED

MAR 2 4 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Petitioner Jeremy Buettner has filed a petition for a writ of habeas corpus, indicating that the Board of Pardons and Parole (Board) should have granted him parole and that the Board violated his due process rights in denying him parole. Upon review of his petition, Buettner is challenging the process, or lack thereof, of his recent parole revocation, resulting in his alleged illegal incarceration.

Available electronic records indicate that Buettner has a long criminal history of various convictions mostly due to his use of alcohol. Of relevance here is his 2012 conviction for criminal endangerment when Buettner entered a plea of guilty in the Twenty-Second Judicial District Court, Big Horn County. In November 2012, the District Court sentenced Buettner to the Montana State Prison (MSP) for ten years with none suspended and ran the sentence concurrently with his Yellowstone County conviction of felony driving under the influence of alcohol.

In his petition, Buettner contends that he was "never charged with, served written notice of, [or] no evidence was disclosed to [him] on a non-compliance charge of absconding." Buettner explains that he was arrested on December 20, 2019, in Kalispell for parole violations and served with a copy of Report of Violations, dated July 17, 2019. He includes a copy of this document. He was held in the Flathead County Jail. Buettner

points out that by December 31, 2019, he had not been served with any notice of new violations and that he had not appeared at the required on-site hearing within five days of arrest, pursuant to § 46-23-1024(2), MCA. He further states that on the same day, he agreed to sign a waiver of on-site hearing after being presented with such a document by a Parole Officer. He contends that he should have been released, but acknowledges that he waived this hearing in order to have an appearance before the Board for his compliance violations.

Buettner provides that on January 17, 2020, Institutional Probation and Parole Officer (IPPO) Foley served him a Notice of Rights/Waiver of Appearance Revocation Hearing, along with a copy of the July 17, 2019 Report of Violations. Citing to *Morrissey v. Brewer*, Buettner recognizes that he received (1) written notice of claimed violations; (2) disclosure of evidence against parolee; and (3) the opportunity to be heard. 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, (1972). Buettner adds that he appeared before the Board on January 21, 2020, at MSP. Buettner further provides that he signed the waiver to proceed without an attorney present. Buettner contends that he was charged with absconding when one of the Board members read the list of violations and that he was never served with a notice of such charge. He argues that he was coerced into admitting such "charge" and that his due process rights were violated. He lastly contends that the Board is not complying with the parole revocation statutes given the 2017 legislative change for compliance violations.

Buettner's claims are without merit. Buettner was not charged with absconding. As stated in the attached letter from Board Chair Annette Carter and § 46-23-1001(1), MCA, absconding "means when an offender deliberately makes the offender's whereabouts unknown to a probation and parole officer or fails to report for the purpose of avoiding supervision, and reasonable efforts by the probation and parole officer to locate the offender have been unsuccessful." Here, as documented in his attachments, while Buettner's parole was revoked for absconding, indicated in his written case disposition, it

was based upon his July 17, 2019 Report of Violation. This Report listed six counts of compliance violation such as illegal drug use, alcohol use, and failure to report in January 2019. This Report also mentions that Buettner was arrested at a casino two weeks after his failure to report and that his probation and parole officer tried numerous times to contact Buettner via telephone and home visits. Based upon this limited record, it is a reasonable allegation that Buettner was deliberately making his whereabouts unknown to his probation and parole officer, which is also known as absconding. We observe that in 2016 and 2017, Buettner had been placed on a parole hold and each time received a ninety-day jail sanction for compliance violations.

The Board adhered to Montana's statutory process for Buettner's parole revocation. Buettner waived his right to an on-site hearing and proceeded with his parole revocation appearance without counsel before the Board at MSP. Sections 46-23-1024(5), and 46-23-1025(2), MCA; Admin. R. M. 20.25.801(8) (2016). The Board revoked his parole and did not award him any dead time, or time served as a parolee. Section 46-23-1025(6), MCA. The Board also imposed nine months custodial time, pursuant to § 46-23-1025(2)(b)(i), MCA, wherein the Board "may [] . . . continue the parole with modified or additional terms and conditions, which may include placement in [] a secure facility . . . ." Buettner must serve this time before he can apply to a pre-release center.

Buettner's due process rights were not violated in light of Montana's 2019 statutes and case law. He does not need to be re-heard before the Board. After his arrest, Buettner, as demonstrated in the supporting documentation, was given notice of the revocation hearing. The Board afforded Buettner notice, disclosure of evidence, and opportunity to be heard when he appeared before the Board. *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604. The Board determined that Buettner violated his parole and subsequently revoked his parole, pursuant to § 46-23-1025(2), MCA. Buettner is not entitled to the removal of "absconding" and a reappearance before the Board for compliance violations. He is not

3

entitled to habeas corpus relief because he has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Buettner's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of this Court is directed to send a copy of this Order to counsel of record and to Jeremy Buettner personally.

DATED this ___24___ day of March, 2020.

Justices